IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JAY ALLEN ROGERS,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **42 U.S.C. § 1983** |
| | : | |
| v. | : | |
| | : | |
| **BRIAN OWENS and MRS.** | : | **CIVIL ACTION NO.** |
| **HAMMOCK,** | : | **1:13-CV-3342-TWT-AJB** |
| Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at Hays State Prison in Trion, Georgia (the "Prison"). Plaintiff, pro se, seeks equitable relief under 42 U.S.C. § 1983 in this action. [Doc. 1.] The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now ready for screening under 28 U.S.C. § 1915A.

Federal courts must screen prisoner complaints to determine whether the complaint: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of

a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

The following allegations are taken from Plaintiff's complaint, (Doc. 1), and presumed true for purposes of the § 1915A screening.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011).  Plaintiff learned in August 2013 that he must satisfactorily complete a moral recognition program in prison to be considered for parole.  He cannot do so because the Prison is on emergency lockdown status, resulting in the cancellation of all educational and institutional programs.  Plaintiff's parole chances are also hindered by his "close" security classification, which is not justified. Plaintiff thus contends that the state prison system is depriving him of a liberty interest in parole by not lowering his security level and by not transferring him to another prison where he can complete the moral recognition program.  Plaintiff further alleges that the Prison threatened his liberty interest in parole by denying accreditation to program classes he completed in 2012.  Plaintiff seeks an order directing Defendants to conduct an immediate review of his security classification and to either transfer him to a lower-security prison with the educational programs needed for parole or provide the reasons for denial of reclassification.

2

A prisoner's liberty interest protected by the Constitution's Due Process clause is violated "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court" or "when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff has not alleged that his court-imposed sentence has been exceeded or that he faces atypical and significant hardship. Plaintiff alleges that Defendants are denying him what he needs to obtain parole, including a lower security classification in prison.

"An inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before." *West v. Higgins*, 346 Fed. Appx. 423, 426 (11th Cir. Sept. 21, 2009) (citing *McKune v. Lile*, 536 U.S. 24, 39-40 (2002)). While Plaintiff's security classification and inability to access educational programs may be hampering his ability to obtain parole, "there is no constitutional right to parole" generally, *Kirby*, 195 F.3d at 1291, and "a Georgia

3

inmate has no liberty interest in parole," *Kramer v. Donald*, 286 Fed. Appx. 674, 676 (11th Cir. July 17, 2008) (citing *Sultenfuss v. Snow*, 35 F.3d 1494, 1499-1500 (11th Cir. 1994)); *see also Garrett v. Ammons*, No. 1:07-CV-175(WLS), 2009 WL 2971098, at *3 (M.D. Ga. Sept. 14, 2009) ("It is well-settled in Georgia that inmates have no reasonable expectation of parole, and thus, no liberty interest in their classification or parole."). Because Plaintiff has no constitutionally protected liberty interest in the things he allegedly is being denied, his complaint does not state a claim upon which relief may be granted.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

The Court **DIRECTS** the Clerk to **TERMINATE** the reference to the undersigned.

**IT IS SO ORDERED and RECOMMENDED**, this __23rd__ day of October, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)